SAMUEL M. LIBBY *vs.* CHARLES H. HALEY, Appellant.

Androscoggin.     Opinion February 1, 1898.

*Reasonable Time.     Waiver.     Estoppel.*

Where facts are clearly established or are undisputed or admitted, a reasonable time within which an act should be done is a matter of law; but, under other conditions, is a matter of fact for the jury; and so also is waiver. In the latter case, *held;* that it is not error to submit both questions to the jury, or for the court below to refuse to decide either one as matter of law.

The defendant sold on August 22, a horse to the plaintiff, with an alleged warranty of soundness. The plaintiff attempted a rescission and sued for the purchase money, and claimed that he returned the horse for the purposes of rescission in a few days thereafter, and introduced testimony tending to prove the fact. The defendant said that the rescission was some two weeks after the sale, or not until September 8th, and introduced evidence tending to prove it. *Held;* that the court below properly instructed the jury that the rescission must be made within a reasonable time; and exceptions do not lie to a refusal to rule that September 8th was not within a reasonable time.

Estoppel raises an issue of law, but waiver an issue of fact. Waiver is the voluntary surrender or abandonment of a right; but if the conduct misleads, and deceives, then the law declares an estoppel upon him who caused the mischief and thereby misled and deceived the adverse party.

*Held;* that the defendant was not entitled to the following instruction to the jury: that if the plaintiff from September 8th, when the horse was tendered to the plaintiff and refused, continuously used the horse in his business for driving and work until the trial, he thereby waived his right to rescind the sale. This was a question for the jury, for waiver is a matter of fact.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*R. W. Crockett,* for plaintiff.

*W. H. Newell and W. B. Skelton,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, SAVAGE, JJ.

HASKELL, J.   The defendant sold the plaintiff a horse, presumably with a warranty of soundness.   For breach of this warranty the plaintiff attempted a rescission, and sues for the purchase money.   The sale was August 22.   The plaintiff claimed that he returned the horse for the purposes of rescission in a few days thereafter, and introduced testimony tending to prove the fact. The defendant says that it was some two weeks, not until September 8th, and introduced evidence tending to prove it.   The court below properly instructed the jury that the rescission must be made within a reasonable time, and refused to rule that September 8th was not within a reasonable time.   To this refusal the defendant has exception.

What is a reasonable time within which an act must be done may be a question of law.   " Where the facts are clearly established, or are undisputed, or admitted, reasonable time is a question of law.   But where what is a reasonable time depends upon certain other controverted points, or where the motives of the party enter into the question, the whole is necessary to be submitted to a jury, before any judgment can be formed whether the time was or was not reasonable."   *Hill* v. *Hobart,* 16 Maine, 168.

In the case at bar, plaintiff and defendant had several interviews between the sale and the rescission September 8th, and plaintiff asserts that he informed defendant of the breach of warranty and wanted to know " what he was going to do about it," and receiving no satisfaction tendered a return.   Whether a return September 8th was seasonable would depend upon the intervening facts and circumstances, all of which are disputed, so that it could not be said, without settling the facts, whether the return was seasonable. The question was properly and carefully submitted to the jury, and defendant's exception to the refusal of the court to settle the matter as a question of law cannot be sustained.

The defendant also requested the court below to rule, in substance, that if plaintiff from September 8th, when the horse was

tendered to defendant and refused, to the trial, " continuously used the horse in his business for driving and work " he thereby waived his right to rescind the sale. The request was refused, and defendant has exception. Here again was a question for the jury, for waiver is matter of fact. *Robinson* v. *Insurance Co.*, 90 Maine, 385. No estoppel is claimed, which is matter of law. Sometimes the conduct of a party may show that he not only intended to and did waive his rights, but that the adverse party had been misled thereby, when the law raises an absolute bar to the repudiation of conduct that caused the mischief. This is estoppel, although it may contain all the elements of waiver. But the reverse may not be true, for a party may so conduct as to show an intention to waive his rights, when the adverse party has not been deceived or misled thereby and no estoppel would arise although a waiver may well be found. It seems to me that one difference between waiver and estoppel is that in the former the result was voluntary, while in the latter, the conduct of the party may have been voluntary, but with intention not to lose any existing rights, yet, if such conduct mislead, then estoppel arises. One is the voluntary surrendering of a right, *Stewart* v. *Crosby*, 50 Maine, 134; *Hoxie* v. *Home Ins. Co.*, 32 Conn. 21, and the other is the inhibition to assert it from mischief that it has caused. *Shaw* v. *Spencer*, 100 Mass. 395. The cases do not all recognize this distinction, and apply the doctrines of waiver and estoppel indiscriminately in furtherance of justice. If this distinction, however, be regarded, then it logically follows that waiver is a matter of fact for the jury, to say what did conduct mean. What does it signify? Does it show a voluntary abandonment of some right? If yes, then the party has waived it, and cannot regain it. But if the conduct misleads, deceives, then the law visits the consequences upon him who has caused the mischief, and declares an estoppel.

In the case at bar, no estoppel arises for no one has been deceived, and whether the plaintiff concluded to abandon his claim to a rescission of the sale depends upon the significance of his treatment and use of the property. If he had so treated it as to show an intention to regard it his own, as if had used it for his own benefit

and to the injury of it, or so as to decrease its value instead of merely keeping it, a waiver might be found. But if the keeping of property, like the ordinary use of a horse, that was no more than the good of the animal required, and merely reduced the expenses chargeable to the owner, then no injury to it would follow and no intent to possess it as his own would appear, and no waiver should be found. All these considerations were proper for a jury, and the court below might well refuse to decide the question of waiver as one of law.

*Exceptions overruled.*