## HOWARD T. JONES *vs.* RALPH SAVIN.

1. ESTOPPEL—"EQUITABLE ESTOPPEL"—CONDITIONAL SALES—WHAT CON-
STITUTES—"WAIVER".

Plaintiff, who sold a cow under an agreement that title should remain
in him until the purchase-money note was paid, allowed the buyer's vendee
to dispose of the animal to defendant at a public sale without asserting his title.
Thereafter, the note not being paid, he attempted to recover the cow. *Held*
that, as it did not appear defendant knew of his claim or acted upon his fail-
ure to give notice, plaintiff is not precluded from claiming the cow by
"equitable estoppel", which arises when the purpose or natural consequences
of a person's representations or conduct is to induce another to do or omit
some act which would be to his detriment, but such acts tend to show a waiver
of any right to assert title to the animal; a "waiver" being an intentional relin-
quishment of a known right or such conduct as warrants an inference of such
intent (citing *Words and Phrases, Waiver;* see, also, *Words and Phrases,
First and Second Series, Estoppel in Pais*).

2. SALES—CONDITIONAL SALES—RIGHT TO RETAKE ANIMAL.

Whether the seller of a cow who reserved title until the purchase money
was paid waived his right to retake the animal by allowing the buyer's vendee
to sell to defendant at public sale, not disclosing his title, *held* for the jury.

3. SALES—CONDITIONAL SALES—CONSTRUCTION.

Conditional sales, being secret agreements, are not favored, and will
be held absolute whenever any facts or circumstances are proved which show
the original vendor has waived his right to retake the property; an assign-
ment of the purchase-money note or the vendor's consent to the disposal of
the property showing a waiver.

(*February* 21, 1916.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Arley B. Magee* for plaintiff.

*W. Watson Harrington* for defendant.

Superior Court, Kent County, February Term, 1916.

ACTION OF REPLEVIN, No. 36, October Term, 1914.

Replevin by Howard T. Jones against Ralph Savin. There
was a verdict for plaintiff, and defendant moved for new trial.
New trial granted, and verdict set aside.

The defendant moved that the verdict be set aside and a new
trial granted, because:

"The court in the trial of the cause ordered stricken from the record all
testimony presented on the part of the defendant which tended to show
that the plaintiff was present at the public sale of the cow in controversy
in the cause as the property of Enoch Johnson, and gave no notice at such sale
that he claimed title to said cow, but on the contrary permitted the cow to
be purchased by the defendant under the belief that Johnson was the owner."

The court, when the above mentioned testimony was stricken from the record, were not clear that the ruling was correct, and for that reason suggested, after the verdict, that a motion for a new trial might be made in order that the question could be more carefully considered.

The following facts, disclosed by the testimony, were uncontroverted:

On March 12, 1914, the plaintiff sold to one Snyder the cow in question for fifty dollars, taking the purchaser's note for the price. The note was for sixty days, and provided that the title to the cow should remain in Jones until the note was paid. Snyder sold the cow to Enoch Johnson, and fourteen days after the conditional sale by Jones, the cow was sold to the defendant, at a public sale, as the property of Johnson. The plaintiff was present at the sale and knew that the cow was offered as the property of Johnson. He made no objection to the sale and gave no notice of his title or interest.

The cow was struck off to the defendant, the plaintiff remaining all the time silent.

The note given by Snyder to Jones was not paid at maturity, and the plaintiff thereupon issued his writ of replevin and took the cow from the possession of the defendant. The questions of law presented appear in the opinion.

PENNEWILL, C. J., after stating the case as above, delivered the opinion of the court;

The questions of law raised in the case are:

[1, 2] *First*, was the plaintiff, because of his failure to give notice of his title at the sale, afterwards estopped from asserting any claim to the cow under his contract with Snyder; and *second*, if not estopped, whether he did, by his conduct or silence at the sale, waive any right he had to take the cow from the purchaser?

We do not find on defendant's brief any case of conditional sale wherein the plaintiff failed to recover because of the law of estoppel, unless *Re Binford*, 3 *Hughes*, 304, *Fed. Cas. No.* 1,411a, be such a case. There the plaintiff was held, on appeal, to be estopped from claiming the property because he had "silently

allowed the vendee, first, to make a deed of trust of the property, then to convey it, and finally allowed it to be sold for the benefit of the creditors of the subvendee." In that case the court said there was not sufficient proof of an "express agreement of conditional sale," and even if there was the plaintiff was guilty of laches. It is apparent that the subvendee was aware of the plaintiff's claim, and may have been influenced to buy because he made no objection to the sale. This fact distinguishes that case from the present one. The *Binford case* is a very extreme one because it does not affirmatively appear that the plaintiff knew of the giving of the deed of trust, or of the sale, by the vendee.

In *Roseberry v. B. & L. Ass'n*, 17 *Colo. App.* 448, 68 *Pac.* 1063, waiver is defined as an implied consent by a failure to object.

"A waiver may be created by acts, conduct or declarations, insufficient to create a technical estoppel." 8 *Words and Phrases*, 7376, 7377; see, also, 40 *Cyc.* 257, *note* 82.

While there must ordinarily be an intention to waive a right, in a technical waiver, such intention may be shown by the acts and conduct of the party, including his silence under circumstances which require him to speak. *Dale v. Con. Ins. Co.*, 95 *Tenn.* 38, 31 *S. W.* 266-269.

There is a good deal of confusion in the cases regarding the distinction between estoppel and waiver, and courts have sometimes treated them as meaning the same thing, as convertible terms. While there is similarity between the two doctrines, there are also essential differences.

A waiver is an intentional relinquishment of a known right or such a conduct as warrants an inference of such intent. *Dale v. Con. Ins. Co.*, 95 *Tenn.* 38, 31 *S. W.* 266; *Frazer v. Aetna Life Ins. Co.*, 114 *Wis.* 510, 90 *N. W.* 476; 40 *Cyc.* 263, *notes* 20 and 21; *Words and Phrases*, 7376, 7379.

An equitable estoppel arises when the purpose or natural consequence of a person's representations or conduct is to induce another person to do, or omit some act, the doing or omission of which would turn out to his detriment.

Waiver depends upon what one intended to do himself. Estoppel, rather upon what he caused his adversary to do. *Fairbanks, M. & Co. v. Baskett*, 98 *Mo. App.* 53, 71 *S. W.* 1113; *Kennedy v. Manry*, 6 *Ga. App.* 816, 66 *S. E.* 29.

In *McCormick v. Ins. Co.*, 86 *Cal.* 260, 24 *Pac.* 1003, the court said:

"An essential element of estoppel of this character is, that one party should have relied upon the conduct of the other, and [should have] been induced by it to put himself in such a position that he would be injured if the other should be allowed to repudiate his action."

And this seems to be sustained by the decisions of our own state. *Bank of W. & B. v. Wollaston*, 3 *Harr.* 90; *Marvel v. Ortlip*, 3 *Del. Ch.* 9.

In *Libby v. Haley*, 91 *Me.* 331, 39 *Atl.* 1004, the court said:

"If this distinction, however, be regarded, then it logically follows that waiver is a matter of fact for the jury, to say what did conduct mean? What does it signify? Does it show a voluntary abandonment of some right? If yes, then the party has waived it, and cannot regain it. But if the conduct misleads, deceives, then the law visits the consequences upon him who has caused the mischief, and declares an estoppel."

We are unable to find from the testimony in this case that the defendant, when he bought the cow at the sale of Johnson's property relied upon the conduct of the plaintiff. There is nothing to show that he was induced to make the purchase because of the plaintiff's silence, or that he even knew of the plaintiff's claim.

While the court do not think the conduct or silence of the plaintiff, at the sale, constituted an estoppel, we are of the opinion that it tended to show his consent to the sale, a waiver of his right to retake the property, and an election to rely upon the security of his note.

Adopting the language of the court in the *Libby case*, we say:

"Waiver is a question of fact, depending upon the circumstances of each particular case, and we therefore submit that as the evidence in this case certainly tended to show a waiver of a right to retake the property on the part of the conditional vendor, it should have been submitted to the jury, and was improperly stricken from the record."

[3] This conclusion is in harmony with our own cases in which the court have held,—

That conditional sales, being secret agreements, are not favored, and they will be held to be absolute whenever any facts or circumstances are proved which show that the original vendor has waived his right to claim the property.

The assignment of the note given for the purchase price has been held to be a fact from which the jury might draw such inference. A conditional sale of property to a person engaged in selling such property has been held to contain an implied assent that the vendee might convey to his vendee a good and absolute title to the property sold. A failure to retake the property for an unreasonable time after default in payment has been held in several cases to be evidence of waiver.

In the case of *Bank of W. & B.*, above referred to, the court said:

"We are decidedly of opinion that the circumstances relied upon are no estoppel, but are matters of evidence and discussion before the jury."

It is ordered that the verdict be set aside, and a new trial be granted.

Case retried, *post* 180, 97 *Atl.* 591.