## HOWARD T. JONES *vs.* RALPH SAVIN.

1. ESTOPPEL—ELEMENTS.

It is an essential element of estoppel that one party should have relied upon the conduct of the other, or have been induced thereby to put himself in such position that he would be injured if the other should be allowed to repudiate his action.

Syllabus—Statement—Charge.

2. SALES—EVIDENCE—WAIVER.

In an action of replevin based on a conditional sale, acts of the plaintiff not amounting to estoppel may be considered by the jury in determining whether he waived any right to retake the property after sale to defendant.

3. WORDS AND PHRASES—"WAIVER".

A "waiver" is an intentional relinquishment of a known right or such conduct as warrants an inference of such intent.

4. SALES—CONDUCT—WAIVER.

The vendor of chattels under a conditional contract does not waive his right to retake the property unless the acts or conduct relied upon as waiver are clearly proven, and are inconsistent with the enforcement of this right or an intention to rely upon it.

5. SALES—CONDITIONAL SALES—VALIDITY.

Conditional sales are valid, but, being secret agreements, are not favored in law, and will be held absolute sales whenever any facts or circumstances show a waiver by the vendor of his right to claim the property.

*(April 28, 1916.)*

PENNEWILL, C. J., and CONRAD, J., sitting.

*Arley B. Magee* for plaintiff.

*W. Watson Harrington* for defendants.

Superior Court, Kent County, April Term, 1916.

ACTION OF REPLEVIN, No. 36, October Term, 1914.

Action by Howard T. Jones against Ralph Savin. Verdict for plaintiff.

The action is to recover the value of a cow sold by the plaintiff to one Snyder, under a contract of conditional sale, who sold to one Johnson, who sold at public vendue to the defendant. The facts and questions of law are stated in the charge of the court to the jury.

Same case on motion for new trial in a former recovery, *Ante.* 68, 96 *Atl.* 756.

PENNEWILL, C. J., charging the jury.

This is an action of replevin brought by the plaintiff to recover a certain cow which he claims was sold on condition that the title should remain in him until a note given for the purchase price was paid.

It is admitted that the plaintiff sold to one Snyder the cow

in question, taking the purchaser's note for the price; that the note was for six months and provided that the title to the cow should remain in Jones, the plaintiff, until it was paid; that Snyder sold the cow to Enoch Johnson; that very soon thereafter, and before said note was due, the cow was sold to the defendant Savin, at a public sale, as the property of Johnson; that the note given by Snyder to Jones for the cow was not paid at maturity, and the plaintiff thereupon issued his writ of replevin and took the cow from the possession of the defendant.

The defendant does not deny that the cow was sold by Jones conditionally, but contends that the plaintiff was present at the public sale of Johnson's property, and knew that the cow was there offered for sale as the property of Johnson, and that he not only made no claim of title, but was one of the bidders for the cow. By such conduct or silence the defendant claims, first, that the plaintiff was thereafter estopped from asserting any title in the cow; and second, if not estopped, he waived any right he might otherwise have had to retake the cow under his conditional sale, electing to rely on the note which he took from Snyder.

[1] The court are of the opinion that the law of estoppel is not applicable to this case, because an essential element of estoppel is, that one party should have relied upon the conduct of the other, or have been induced by it to put himself in such a position that he would be injured if the other should be allowed to repudiate his action. *McCormick v. Ins. Co.*, 86 *Cal.* 260, 24 *Pac.* 1003. It is not claimed that such element is shown by the testimony.

This question of estoppel was before the court upon the motion for a new trial made in this case recently decided, and reported in 96 *Atl.* 756, (*ante.* 68).

We will not repeat the reasons given for the decision in that case; but will make brief reference to the three Delaware cases which the defendant claims sustain his contention, that it is not essential to estoppel that the party claiming it should have been misled or induced to enter into the transaction by the conduct, acts or silence of the other party.

In *Stockwell v. Baird*, 1 *Marv.* 420, 31 *Atl.* 811, the prin-

ciple of law involved was not estoppel but agency.   The court
said:

"If the husband stood by, permitted his wife to make the sale, wrote
the receipts, recognized in that way the authority of the wife to make the
sale, by his presence, connivance or consent, although there may have been
no property in the wife and the property was in the husband, yet that would
transfer [the property] to the plaintiff,   *   *   *   because it would transfer
his right to the property, by permitting the wife in that respect to act as his
agent and to sell [the property] for him."

In *Marvel v. Ortlip*, 3 *Del. Ch.* 9, 43, the court held that the
facts establishing estoppel must present two requisites, one of
which is the following:

"That the party claiming the estoppel was misled and induced to enter
into the transaction upon the faith of the declaration, act or silence of the
other," etc.

In *Wilds v. Attix et al.*, 4 *Del. Ch.* 253, 262, the court used
this language:

"Nevertheless, inasmuch as this kind of relief (estoppel) interferes with
what is a *prima facie* legal right or title of the party restrained, it is admin-
istered only in favor of one who has been actually misled through the act,
admission, silence   *   *   *   of another, i. e., one who has been induced
to alter his line of conduct, with respect to the subject-matter in  controversy,
so as to have subjected himself to some liability, he would not otherwise have
incurred, or to have foregone some right or remedy which he otherwise would
have taken.   But where the party has not been so misled, and the transaction
remains wholly unaffected, leading to the same results as if the acts or silence
complained of had not occurred, then no such injury has been sustained as
will afford a ground for relief."

It, therefore, clearly appears from the two cases last men-
tioned that the doctrine of estoppel is not applicable to the case
now before the court.

[2]  While the acts and conduct of the plaintiff at the time
of the sale of the cow to the defendant did not constitute an estop-
pel in law, they are, nevertheless, facts or circumstances to be
considered by the jury in determining whether he acquiesced in
said sale and waived any right to retake the property.

[3]  A waiver, we may say, is an intentional relinquishment
of a known right, or such conduct as warrants an inference of such

intent.   Waiver is a question of fact, depending upon the facts and circumstances of each particular case.   In *Libby v. Haley*, 91 *Me.* 331, 39 *Atl.* 1004, it was said:

"Waiver is a matter of fact for the jury, to say what did [such] conduct mean.   What does it signify?   Does it show a voluntary abandonment of some right?   If yes, then the party has waived it, and cannot regain it."

Intention lies at the foundation of the doctrine of waiver, and it must clearly appear from the evidence.   Waiver has been defined to be an implied consent by a failure to object, and it may be created by acts, conduct or declarations evidencing the intention of the party making them.   And such intention may be shown by the acts and conduct of the party, including his silence.

[4]   A waiver, however, will not be implied from slight circumstances, but must be evidenced by acts or conduct clearly proven.   If they are not so proven, or, if not inconsistent with the enforcement of the right claimed to have been waived, or an intention to rely upon it, no waiver is established.

Applying the law, as above stated, to this case, we say, that if you believe from the evidence that the plaintiff was present at the sale of Johnson's property, knew that the cow in question was there being sold, and by his acts, conduct or silence clearly evidenced his intention to waive any right thereafter to claim the cow under his conditional sale, then he had no right to take her under his writ of replevin, and your verdict should be for the defendant, and for such sum as you believe from the evidence the cow was worth at the time she was replevied.

But if you are not satisfied that the plaintiff waived his right to retake the cow, then your verdict should be for the plaintiff for costs.

[5]   We say in conclusion, that conditional sales are valid in this state, but such sales, being secret agreements, are not favored in law, and they will be held to be absolute and free from condition whenever any facts or circumstances are proved which show that the original vendor has waived his right to claim the property.

Verdict for plaintiff.