NATHAN MILLER, INCORPORATED, a Delaware Corporation, v. NORTHERN INSURANCE COMPANY, OF NEW YORK, a Corporation.

(*August* 22, 1944.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*William Prickett* for the plaintiff.

*Albert L. Simon* for the defendant.

Superior Court for New Castle County, May Term, 1944.

LAYTON, Chief Justice:

The plaintiff sued upon an insurance policy indemnifying it against damage through sprinkler leakage, by the terms of which policy formal proof of loss was required to be rendered within sixty days. Proof of loss was not filed within the stipulated time, but the plaintiff, in excuse, alleged waiver and estoppel. The defendant demurred generally.

The fifth count of the declaration, based on waiver, and all of the counts, based on estoppel, were conceded to be defective in substance and require no consideration. The remaining counts, based on waiver, did not allege the time of the occurrence of the acts relied on as constituting waivers of the proof of loss requirement, and it was admitted, for the purpose of the argument, that such acts occurred after the expiration of the sixty day period.

The defendant's argument is that waiver and estoppel are fundamentally equitable doctrines, and are frequently used by the courts, especially in insurance cases, as convertible terms; that waiver is necessarily based on some act or declaration of the insurer by which the insured is caused to believe that rendition of proof of loss within the stipulated time would not be required; and, consequently, any act of the insurer occurring after the expiration of the period cannot logically be said to have induced the insured's failure to render proof of loss within the prescribed time. In short, the contention is that waiver of the provision cannot be implied after the expiration of the stipulated period.

*North British & Mercantile Insurance Co. v. Lucky Strike Oil & Gas Co.*, 70 *Okl.* 146, 173 P. 845, 22 *A. L. R.* 398, and *Buysse v. Connecticut Fire Ins. Co.*, 240 *Ill. App.* 324, so hold; and the conception that waiver is based on some element of estoppel is, in some degree, supported by two cases in this State. In *Reed v. Continental Insurance Co.*, 6 *Penn.* 204, 65 A. 569, the defendant's adjuster, within the time prescribed for filing proof of loss, told the insured to

make a list of the goods with cost and value, and in a week or so he would settle. The case was submitted to the jury on the theory of waiver, the term being used throughout the charge of the court, but the jury were told that if they found that the adjuster had so spoken and acted as to induce in the mind of an ordinarily reasonable person the belief that no formal proof of loss would be required, and that the plaintiff had a right to rely on the statements and did rely on them, and for that reason did not furnish proof of loss, such conditions would amount to a waiver on the part of the insurer. In *Emory v. Glens Falls Ins. Co.*, 7 *Penn.* 101, 76 A. 230, where the evidence with respect to the conduct of the company's adjuster was much the same, the court charged the jury in similar language.

It is permissible, therefore, to conceive that the court was of opinion that waiver was based on some element of estoppel.

In a later case, *Jones v. Savin*, 6 *Boyce* 68, 96 A. 756, not, however, an insurance case, on a motion for a new trial, the Court examined carefully the differences between the two doctrines of waiver and estoppel, and concluded that while there is similarity between them, the differences are essential, and that a waiver may be created by acts or declarations insufficient to create a technical estoppel. At the retrial of the case, 6 *Boyce* 180, 97 A. 591, the jury was instructed that while the conduct of the defendant did not constitute an estoppel, yet it might be considered in determining whether a waiver of right had been created.

In *Keil Motor Co. v. Royal Insurance Co., Ltd.*, 6 *W. W. Harr.* (36 *Del.*) 24, 171 A. 201, the plaintiff sued on a fire insurance policy providing for the filing of proof of loss within ten days. Proof of loss was not filed as required by the policy, but the plaintiff relied on the conduct of the insurer after the expiration of the ten day period as constituting waiver. The defendant, demurring, contended that waiver is neces-

sarily based on some element of estoppel, and there could be no implied waiver of the prescribed term for filing proof of loss after the expiration of the time stipulated. The Court, citing *Jones v. Savin, supra,* was of opinion that there may be a waiver of existing rights without any element of estoppel, and held that waiver had been sufficiently alleged.

Any one may forego a right intended for his own benefit in the absence of some rule of public policy. A waiver is the intentional relinquishment of a known right, either in terms or by such conduct as clearly indicates an intention to renounce a known privilege or power. It involves both knowledge and intent, and is based on the idea of consent, express or implied. In strictness, waiver is referable to the act or conduct of one party only. It depends on what one party intended to do, rather than upon what he induced his adversary to do, as in estoppel. The doctrine does not necessarily imply that one party to the controversy has been misled to his detriment in reliance on the conduct of the other party; and waiver is not only consistent with, but is generally created upon knowledge of all the facts by both parties. There may, therefore, be a waiver of an existing right apart from any element of estoppel. Waiver implied from circumstances is a question of fact dependent upon the particular facts of the case, and it is usually for the jury to say whether the conduct of the party evidences a conscious and voluntary abandonment of some right or privilege.

On the other hand, estoppel has a tortious quality, and is maintainable only where the conduct of the one party has induced another to change his position for the worse, in which case the law vests the consequences upon him who is the author of the mischief by declaring an estoppel.

In particular, the conduct of an insurer may not have misled the insured to his prejudice; yet if conscious of its right, the insurer has evidenced an intention to re-

nounce the advantage of a stipulated cause of forfeiture, either expressly or by clear implication, the law, zealous always to avert the forfeiture, will hold the insurer bound as by an election to treat the contract as though no cause of forfeiture had, in fact occurred.

It is generally agreed that denial of liability, or other act of conduct on the part of the insurer, within the prescribed time for furnishing proof of loss, evidencing an intention to forego the right, dispenses with the necessity of such proof. Logically, an insurer may waive its right to insist upon a strict compliance with the proof of loss provision after the expiration of the stipulated period. Certainly, in such case, the insured has not been misled to his detriment by anything the insurer has said or done, and the forfeiture cannot be saved under any conception of estoppel. But, if the insurer, when demand is made for indemnity, says nothing as to the failure of the insured to render proof of loss within the prescribed time, but claims some other defense, it may fairly be inferred that the insurer has renounced its right to avail itself of the provision made for its benefit; and the same inference may be drawn from other significant conduct on the part of the insurer. It is a reasonable doctrine that an insurer be required promptly to disclose its purpose if it intends to rest its defense on a technical ground, a default which neither alters the risk nor increases the liability; and if it asserts other grounds of defense, or chooses to treat with the insured, it must assume the risk of having its conduct construed as an abandonment of other less meritorious defenses. The question of waiver resolves itself into whether precise observance of the contractual right will be insisted on, and there seems to be no sound reason why strict compliance may not be waived after the expiration of the period prescribed for filing proof of loss.

This principle is clearly implied in *Keil Motor Co. v. Royal Ins. Co.*, *supra,* and the views here expressed and the

conclusion reached is supported by the following authorities: *Bigelow on Estoppel,* (6th ed.) 728; *Baird v. Fidelity-Phenix Fire Ins. Co.,* 178 *Tenn.* 653, 162 *S. W.* 2d 384, 140 *A. L. R.* 1226; *Webster v. State Mutual Fire Ins. Co.,* 81 *Vt.* 75, 69 A. 319; *John Alt Furniture Co. v. Maryland Casualty Co.,* (8 *Cir.*) 88 F. 2d 36; *Mears v. Farmers Cooperative Fire Ins. Co.,* 112 *Vt.* 519, 28 A. 2d 699; *Reynolds v. Travelers' Ins. Co.,* 176 *Wash.* 36, 28 P. 2d 310. See annotation in 22 *A. L. R.* 407, and 108 *A. L. R.* 901.

 The first count of the declaration alleged waiver of the proof of loss requirement in that the defendant denied liability on the ground that the damage was the result of a boiler explosion in the plaintiff's building, a loss not within the terms of the policy. In *Commonwealth Insurance Co. v. Soloman,* 2 *W. W. Harr.* (32 *Del.*) 98, 119 A. 850, 853, the company issued two fire insurance policies covering chattels, which thereafter were destroyed by fire. The company denied liability, but afterwards the company's adjuster, as it was claimed, agreed to pay a smaller amount in consideration that the plaintiff would abandon a part of his claim and release the defendant of all liability on the policies. The suit was brought on the agreement, not on the contracts of insurance; and the defendant contended that its adjuster had no authority to do more than to agree with the plaintiff on the sound value of the property and the plaintiff's monetary loss. In a general discussion of the questions presented for decision, the Supreme Court said, "We take it to be well settled that if an adjuster denies liability under the policy his act in so doing constitutes a waiver of the policy provisions requiring the insured to file proofs of loss." The dictum is well supported by authority, and the demurrer to this count is overruled.

 The second count alleged waiver of the requirement for filing proof of loss in that the defendant examined the loss and damage and made an offer of settlement. In

the last cited case, the Supreme Court observed, "If the adjuster, however, does nothing more than agree with the assured upon the sound value and the extent of damage, of course the company, though it could not repudiate the items thus agreed upon, would nevertheless, in such event, be free to contest the fact of its liability to pay. But where the adjuster, possessing the authority to adjust the loss, goes a step further than this and agrees upon a settlement which fixes the company's liability, then the whole matter is concluded, unless fraud or mistake has occurred."

In 7 *Cooley's Briefs on Insurance,* 2nd Ed., pp. 6004, 6006, it is said, "A distinct recognition of liability of the company, made under such circumstances as reasonably to show that it is satisfied as to the loss, will amount to a waiver of formal notice and proofs or of defects therein." A valid waiver is alleged, and the demurrer to this count is overruled.

The third count alleged that the defendant waived the proof of loss requirement by visiting the premises and becoming familiar with the extent of the loss and with the cost of the fixtures damaged or destroyed and the cost of replacing or repairing them. This count is plainly defective in substance. It is not alleged that an offer of settlement was made, or that a settlement was even discussed. To hold that these entirely equivocal acts would amount to a waiver of the proof of loss requirement would extend the doctrine of waiver unwarrantably. Intention is the foundation of the doctrine of waiver, and an intention to waive will not be implied from slight circumstances, or from circumstances consistent with an intention to rely on the right alleged to have been waived. *Jones v. Savin,* 6 *Boyce* 180, 97 A. 591. The act of the insured in becoming familiar with the extent of the loss and damage, without more, is as consistent with an intention to rely upon the forfeiture provision of the policy with respect to proof of loss as with an

intention to forego the right, and mere conjecture cannot be the foundation of the jury's verdict. There must be facts from which an inference may reasonably be drawn. The demurrer to this count is sustained.

The waiver alleged in the fourth count is the direction given by the defendant to the plaintiff to repair and replace the damaged property. The policy permitted the insurer to make such repair or replacement at its option; and, where the insurer clearly acknowledges its liability by directing the insured to restore the property, waiver of the proof of loss requirement is clearly inferable. *Springfield Fire & Marine Ins. Co. v. State,* 152 *Ark.* 79, 237 *S. W.* 1094.

The sixth count alleged waiver of the requirement for filing proof of loss in that the defendant promised the plaintiff to prepare and present to the plaintiff for execution a proof of loss in a form satisfactory to the defendant. What the proof will be we of course do not know but if the fact be as it is alleged, it is entirely clear that the defendant had no intention to rely upon the protection of the policy. The demurrer to this count is overruled.

The demurrer to the first, second, fourth and sixth counts is overruled, and is sustained as to the third count.