CARL E. MEADE, et al., Plaintiffs, v. COLLINS REALTY COMPANY, a corporation of the State of Delaware, Defendant.

(*September* 26, 1950.)

LAYTON, J., sitting.

*John M. Bader* for the Plaintiffs.

*Clyde M. England, Jr.,* (of the firm of Killoran and Van Brunt) for the Defendant.

Superior Court for New Castle County, No. 589, Civil Action, 1950.

LAYTON, J.:

There is authority for the proposition that where one party to a contract commits a minor breach in its performance which is brought to the attention of the other party, who deliberately excuses it, then the latter is deemed to have waived his right of action for damages. Restatement, Contracts, Section 411;

*Bye v. George W. McCaulley & Son Co.,* (*Del. Super.* 1908) 7 *Penn.* 115, 76 *A.* 621; *Webster* v. *Beebe* (*Del. Super.* 1910) 2 *Boyce* 16, 77 *A.* 769.

The Restatement, together with the illustrations, has this to say:

"The duty of a party to a contract to make compensation where he has committed a breach insufficient to discharge the other party, is itself discharged if the injured party, knowing or having reason to know the facts, manifests assent to discharge the duty on accepting subsequently from the wrong-doer some performance under the contract."

### Illustration

"A contracts to build a house on B's land and B contracts to pay A $25,000 for it. A fails in some particulars to build the house according to plans and specifications. B takes possession of the house and says to A: 'I don't care about these defects in your performance; on the whole you have done pretty well, and I am satisfied with the house.' A's duty to make compensation is discharged. It is immaterial that B has completely paid for the house before A has finished the work, and the contract has thus been fully performed on one side."

In *Bye* v. *George W. McCaulley & Son Co., supra* [76 *A.* 622], Plaintiff brought an action to recover from Defendant for work and labor in constructing a porch. Defendant raised the defense that the porch when completed was not satisfactory. Plaintiff, on the other hand, maintained that the Defendant, knowing all the facts, accepted the work unconditionally and waived the defects. The Court charged the jury, in part, as follows:

"The defendants claim, on the other hand, that the defects resulted from the bad and unskillful manner in which the work was done; that by reason thereof the porch and steps were of no

value whatever to them. If you should find this to be true, from the evidence, the defendants would be entitled to your verdict, un- less the defendants waived the defects and accepted the work un- conditionally. If the completed porch and steps were accepted by the defendants * * * such acceptance would amount to a waiver of the defects and entitle the plaintiff to your verdict. And in like manner, if you should find from the evidence that the de- fendants promised to pay the claim, with a full knowledge of such defects, it would amount to a waiver."

Webster v. Beebe, *supra*, was an action by Plaintiff to re- cover for repairs made to Defendant's boat which Defendant re- sisted because the work was not done in accordance with the con- tract. Again the Court charged the jury that

"* * * if there were defects in the materials furnished and work done, if the defendant accepted the boat and failed to give notice to the plaintiff of such defects, after he had had a reasonable opportunity to discover such defects, the plaintiff would in such event be entitled to recover." [77 A. 770].

However, it is difficult to reconcile such a result, though de- sirable, with accepted principles of contract law. According to Williston, Vol. 3, Sec. 690, page 1995, the only instances in which a waiver of a breach of a contract will be held to bind the in- jured party are when there are facts indicating an estoppel[1] or where some new consideration is given the injured party for waiving his right of action for damages.

And in *Duval v. Metropolitan Ins. Co.*, (1903) 82 *N.H.* 543, 136*A.* 400, 403, 50 *A.L.R.* 1276, the Supreme Court of New Hamp- shire said in this same connection:

"While a waiver is sometimes spoken of in a loose

---

1.   *Waters* v. *Harvey,* 3 *Houst.* 441, and *Delaware Engineering Co.* v. *Pusey & Jones Co.,* 1 *W. W. Harr.* 163, 112 *A.* 371 (both decisions by this Court) contains facts indicating an estoppel.

way, which might indicate the idea that it would bind the party granting it simply upon proof that it was offered, the true rule is that, in the absence of an estoppel, it stands like any other undertaking. It must be supported by a consideration, or it is not binding upon the party making it." See also *Colbath v. H. B. Stebbins' Lumber Co.,* 127 *Me.* 406, 144 A. 1, 5.

Strictly speaking, then, it would appear that when a party to a contract breaches it in some minor respect and upon the tender by him of performance the other party, knowing of the defect, deliberately acquiesces, then the purported waiver of the right so accrued is not binding in the absence of consideration.

Now in the case before me the breach of contract to supply a Westinghouse stove was presumably not known to Plaintiffs until the houses were completed, and offered to Plaintiffs for occupancy, thus precluding the possibility of an estoppel. Moreover, nothing in the pleadings reveals that the claimed assent or waiver by Plaintiffs to the substitution of another and cheaper type of range was based upon some new consideration for it is useless to argue that the acceptance of the houses by Plaintiffs rather than having no home at all imports a new consideration in view of the fact that Defendant was legally obligated to furnish, and Plaintiffs had a legal right to receive, a home supplied with a Westinghouse range. It would appear, therefore, that in conformity with the strict principles of law here reviewed the Plaintiffs could not be held to be bound by their purported waivers.

However, the thought of one party to a contract with full knowledge of the facts deliberately excusing some minor breach in performance and thereafter bringing an action for damages is repugnant. The Restatement bars a right of action in such case and, more importantly, the decisions of this State are in accord. The Bye case and the Webster case, above referred to, have been the law of this State for many years and I feel I should

regard them as binding me here. Plaintiffs may test their correctness on appeal.

It is also urged that Sec. 6028 of the Revised Code of 1935* precludes a waiver by mere acceptance of goods and so it does. But here, if as I have assumed, the sale of these stoves was included in the contract of sale for the houses, then the stoves should be regarded as fixtures and not personalty. Further, it would still remain a question of fact whether or not the Plaintiffs had not delayed more than a reasonable time after acceptance in notifying Defendant of the breach and the majority of Plaintiffs who signed the written waiver above set out would hardly be in a position to take advantage of the provisions of Sec. 6028 of the Code in any event.

Plaintiffs' motion to strike is denied.

---

* "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."