**Freddie Mae FAILL, Plaintiff,**

v.

**John A. FAILL, Defendant.**

Superior Court of Delaware,
New Castle.

Jan. 29, 1973.

Henry A. Wise, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for plaintiff.

Clyde M. England, Jr., of Killoran & VanBrunt, J. R. Julian, of Killoran & VanBrunt, Wilmington, for defendant.

TAYLOR, Judge.

The complaint seeks judgment in the amount of $9,453.00 representing payments which are alleged to be due and unpaid under a property division and support agreement between plaintiff and defendant. The answer admits that the payments have not been made as provided in the agreement but asserts that by virtue of accepting lesser payments than those provided in the agreement, plaintiff accepted a modification of the agreement, waived her right to demand payments in the amounts speci-

fied in the agreement, and is estopped to claim any additional amounts. In addition, defendant asserted the statute of limitations as to claims arising more than three years prior to the filing of the action. Both parties have filed motions for summary judgment. The parties have entered into a stipulation of facts.

Plaintiff and defendant, formerly husband and wife, entered into a "property settlement agreement" dated May 22, 1964 which provided for the sale of their real property and equal division of the net proceeds, the allocation of the personal property, and further provided that "husband shall pay to wife the sum of $400.00 per month for the care, support and maintenance of children." The agreement further provided that, with certain exceptions not here applicable "the obligation of Husband to Wife support for the care, maintenance, and education of the children shall continue for each child until said child reaches the age of 21 years . . ."

Since July, 1965, defendant has not paid as much as $400.00 in any month, monthly payments having varied between $300.00 and $100.00.

A Stipulation of Facts states that plaintiff accepted the payments made by defendant and "did not take any action of any kind with respect to the amounts of money which she received, but on the contrary, accepted said sums by depositing the checks in each instance."

The defenses are that by receiving lesser amounts than were provided for by the Agreement, wife has waived her claim to the full amount provided in the Agreement or she is estopped from claiming the full amount, or by repeatedly accepting said amounts, the Agreement has been modified. Defendant here does not rely upon representations or statements made in connection with the execution of the Agreement. Rather, defendant relies upon a course of conduct in accepting a lesser performance under the contract.[1]

In support of the contention that the agreement has been modified defendant relies upon Pepsi Cola Bottling Co. of Asbury Park v. Pepsico, Inc., Del.Supr., 297 A. 2d 28 (1972). Pepsico, supra, involved a course of conduct over an 18 year period subsequent to the execution of franchising contracts. Each contract provided for supplying soft drink ingredients at specified prices. It further provided for an increase in prices to the extent of the increase in costs of "materials, labor and freight". The prices specified in the agreements were based upon 1,200 cases. Initially, there were price changes based upon 1,200 cases. Thereafter, the prices were based upon 1,800 cases, and subsequently based on 2,000 cases. Prices were changed a total of nine (9) times. Over the years the local bottlers regularly ordered soft drink ingredients and tendered payments according to the terms which the supplier established and changed from time to time, without reference to the prices and quantities provided in the contract. This course of action by both parties, the Court held, substituted an oral agreement for the price provisions of the written contract and constituted a relinquishment of the written provision.

It is clear that the bilateral business relationship involved in Pepsico, supra, sets it apart from the instant case. Here it is a simple, unilateral, continuing obligation in which plaintiff's part is merely that of recipient of periodic payments. There was no communication by either this defendant or this plaintiff signifying a change in the terms of the contract. The holding in Pepsico, supra, is not applicable to this case. This Court holds that the actions of these parties have not modified the contract.

The next defense to be considered is that of waiver. An action which is as

1. It should be pointed out that this case is between wife and husband and does not involve or affect the rights which the children may have by virtue of the contract. Compare Astle v. Wenke, 297 A.2d 45 (Del.Supr.1972).

consistent with relying upon a contract right as it is with relinquishing that right is not a waiver. Nathan Miller, Inc. v. Northern Ins. Co., Del.Super., 3 Terry 523, 39 A.2d 23 (1944). This Court said in Nathan Miller, supra, "an intention to waive will not be implied from slight circumstances, or from circumstances consistent with an intention to rely on the right alleged to have been waived." ibid.

■ Mere silence will not amount to a waiver of performance where one is not bound to speak. 17 Am.Jur.2d 837, Contracts § 391; Baltimore G & E Co. v. Bowers, 221 Md. 337, 157 A.2d 610, 77 A. L.R.2d 1366, 1375 (1960).

■ Here, defendant relies upon the mere receipt by plaintiff of smaller support payments than were provided in the contract as the basis for waiver. Defendant's position is that plaintiff should have protested the size of the payments when they were made or should have taken steps to compel literal performance of the contract. In appropriate fact situations, waiver has been applied to certain aspects of performance, such as time of performance or precise manner of performance. Mead v. Collins Realty Co., Del.Super., 6 Terry 508, 75 A.2d 705 (1950); 5 Williston on Contracts (3d ed.) p. 355, § 699, pp. 361–8, § 700. However, defendant has cited no case holding that the receipt without protest of part payment under a simple contract merely providing for periodic payments constitutes a waiver of the balance of the contracted payment.[2]

Defendant has cited 92 C.J.S. 1064, in support of the proposition that plaintiff's failure to insist upon her rights under the contract estops her to assert these rights now. The following language contained in the paragraph at pages 1064–65 answers defendant's contention:

"A waiver may arise or be implied from the acquiescence or silence of the party who has the power of waiving, under circumstances which require him to speak, but silence, to constitute a waiver, must be deceptive silence, and it must be accompanied by an intention to defraud which amounts to a positive beguilement. Mere silence is never a waiver, when there is no duty or occasion to speak; and where such silence is unaccompanied by any act calculated to mislead, and in the absence of conduct amounting to an estoppel, there is no waiver."

The stipulated facts do not show "deceptive silence" in this case.

■ Defendant also asserts estoppel against plaintiff's claim. An estoppel must involve conduct by one party which leads another party to change his position to his detriment. Wilson v. Amer. Ins. Co., Del. Supr., 209 A.2d 902 (1965). A change of position for the worse is necessary. Friel v. Jones, Del.Ch., 206 A.2d 232 (1964). No change of position by defendant is established here.[3]

■ Defendant asserts that a trust agreement was entered into in December, 1969 between defendant's father and three trustees, including defendant, whereby defendant's father established a trust to provide for the cost of higher education for the children of plaintiff and defendant, and that the trust was created without knowledge that plaintiff was planning to file this action. Defendant does not assert that there was any discussion between plaintiff and the parties to the trust agreement concerning either the subject matter of the trust agreement or the subject of the support agreement. Neither does defendant assert that the trust agreement would not have been executed if the parties thereto had known of plaintiff's intention

2. It will be noted that the Supreme Court in *Pepsico*, supra, declined to hold that even the facts in that case constituted a waiver of contract rights.

3. An annotation which deals with the facts constituting laches, waiver and estoppel in cases involving defaults in compliance with alimony and support orders appears in 70 A.L.R.2d 1250–83.

to sue under the support agreement. This defense does not qualify under waiver or estoppel.

 Next, defendant asserts that even if the principles of waiver and estoppel do not relieve defendant as to future payments they should relieve defendant of liability for past deficiencies. In support of this proposition, defendant cites Taylor v. Taylor, 39 Cal.App.2d 518, 103 P.2d 575 (1940). *Taylor*, supra, was predicated on a California statute which provided that the failure to object to a tender constitutes a waiver of the objection. There is no such statute in Delaware. Therefore, that proposition is not applicable in this state.

Based upon the facts and issues presented, the Court concludes that defendant has not asserted a valid defense to the claim of plaintiff. Accordingly, judgment will be entered in favor of plaintiff against defendant. The attorneys will confer with the Court concerning the appropriate form of order.