**Renard J. GEORGE, Plaintiff below, Appellant,**

**v.**

**FRANK A. ROBINO, INC., a corporation of the State of Delaware, and Frank Robino Realty Corp., a corporation of the State of Delaware, Defendants below, Appellees.**

Supreme Court of Delaware.

Argued Dec. 16, 1974.

Decided Feb. 21, 1975.

Daniel B. Ferry, Newark, for plaintiff below, appellant.

Henry N. Herndon, Jr. and Morris Lewis Stoltz, II, of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellees.

Before HERRMANN, C. J., and WRIGHT and BUSH, Judges.

PER CURIAM:

Plaintiff, a real estate salesman, appeals an order of the Superior Court granting summary judgment to defendants, an incorporated commercial real estate firm and its parent corporation, in an action to recover a sales commission.

Defendants contend that a disputed commission of $9,000. was an overpayment, and that plaintiff waived any claim to it by reason of a 1971 memorandum in which he proposed that "All future commissions earned by me shall be divided approximate-

ly 50% to reduce my account and 50% by check to me."

The Superior Court concluded that plaintiff had "waived" his claim to the disputed $9,000. since the memorandum constituted an offer of settlement which was accepted, and since "There is nothing in the record, in fact, to indicate that he ever protested or denied to the officers of defendants' corporations that the $9,000. was an overpayment."

Our analysis of the record persuades us that it was error to rule as a matter of law that plaintiff waived whatever claim or right he may have had to the disputed commission. The record contains sufficient dispute of material fact on the waiver issue to require submission of the case to a jury.

Since the parties have framed the issue in terms of "waiver" of a claim or right, and since it appears that the Superior Court based its decision on the principles of the law of waiver, we address that issue upon the assumption of its relevancy. See Pepsi-Cola Bottling Co. of Asbury Park v. Pepsico, Inc., Del.Supr., 297 A.2d 28 (1972); Williston on Contracts, Third Edition, Sections 678, 694; Corbin on Contracts, § 752.

■ Intention forms the foundation of the doctrine of waiver, and it must clearly appear from the evidence. Nathan Miller, Inc. v. Northern Ins. Co. of New York, Del.Super., 3 Terry 523, 39 A.2d 23 (1944). The question of the plaintiff's intent in the instant case depends on a consideration and evaluation of all the facts surrounding the execution of the 1971 memorandum: On its face, the memorandum does not reveal plaintiff's intent. The record shows that he protested to a proper individual the use of earned commissions to repay what defendants considered to be an overpayment. It also appears that the memorandum was occasioned by defendants initially withholding all of plaintiff's earned commissions to satisfy the alleged overpayment.

■ It is for the jury to say whether plaintiff's conduct under the circumstances of this case evidenced an intentional, conscious and voluntary abandonment of his claim or right. *Nathan Miller, Inc., supra.* Summary judgment is inappropriate where, as here, the inference or ultimate fact to be established concerns intent or other subjective reactions. 6 Moore, Federal Practice (2nd Ed.) § 56.17[41–2]; Continental Oil Company v. Pauley Petroleum, Inc., Del.Supr., 251 A.2d 824 (1969).

We hold, therefore, that it was error to grant summary judgment in favor of the defendants.

In addition to the waiver issue, there remain the unresolved questions of (1) whether the $9,000. amount was a mistaken overpayment or an earned commission, and (2) whether 19 Del.C. Ch. 11 is applicable. If the $9,000. is determined to be an earned commission and not a mistaken overpayment, the need will arise to consider the efficacy of an employee's alleged attempt to waive his right to wages in light of 19 Del.C. § 1110. Defendants' contention that this "theory" was not raised in the proceedings below is without merit.

The judgment below is reversed and the case is remanded for further proceedings consistent herewith.