**SAM GLASSCOCK III**
**VICE CHANCELLOR**

# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 23, 2018
Date Decided: August 22, 2018

Thaddeus J. Weaver, Esquire
Dilworth Paxson, LLP
704 North King Street, Suite 500
Wilmington, Delaware 19899

Gregory V. Varallo, Esquire
Robert J. Stearn, Jr., Esquire
Richard P. Rollo, Esquire
Robert L. Burns, Esquire
Sarah A. Clark, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Marc S. Casarino, Esquire
Nicholas Wynn, Esquire
White and Williams LLP
600 North King Street, Suite 800
Wilmington, Delaware 19801

Re: *Calesa Associates, L.P. et al. v. American Capital, Ltd. et al.*,
Civil Action No. 10557-VCG

Dear Counsel:

This matter involves a challenged issuance of equity in a medical-device company, Halt Medical, Inc., to Defendant American Capital, Ltd. (together with its affiliates, "ACAS"). At the time of the challenged transaction, ACAS held a large block, but not a majority, of common stock of Halt. ACAS was also a major creditor of Halt, and had contractual rights in that regard. The Plaintiff stockholders (including entities managed by Edward F. Calesa, who founded Halt

and chaired the board of directors) sued, alleging breaches of fiduciary duty against the Halt directors and ACAS, and, in the alternative, aiding and abetting against ACAS.

The Defendants moved to dismiss, and (with a minor exception) I denied that motion by Memorandum Opinion on February 29, 2016 (the "Mem. Op.").[1] In the Mem. Op., I found that the Plaintiffs had sufficiently pled that ACAS was a controller, or had aided and abetted a transaction in which a majority of the directors were not independent or disinterested, such that entire fairness applied to the transaction.[2] I also found that the Complaint stated a claim with respect to Section 228, because of alleged inadequacies in the stockholder consents.[3]

After I denied the Motion to Dismiss, discovery ensued. Currently before me are the Plaintiffs' Motion for Partial Summary Judgment and the Defendants' Motions for Summary Judgment. "[S]ummary judgment will be entered only where the moving party demonstrates the absence of issues of material fact and that it is entitled to a judgment as a matter of law."[4] The burden is on the movant.[5] "There is no 'right' to a summary judgment."[6] "When confronted with a [summary judgment] motion, the court may, in its discretion, deny summary judgment if it

---

[1] *Calesa Assocs., L.P. v. Am. Capital, Ltd.*, 2016 WL 770251, at *1 (Del. Ch. Feb. 29, 2016).
[2] *Id.* at *9–13.
[3] *Id.* at *13–14.
[4] *Wagamon v. Dolan*, 2012 WL 1388847, at *2 (Del. Ch. Apr. 20, 2012).
[5] *Id.*
[6] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002).

2

decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application."[7]  Because I find that that the issues for which judgment is sought are either factually contested or would benefit from development at trial, the Motions are denied.  In the interests of efficiency, I will not repeat the facts laid out in the Mem. Op.  I briefly discuss major issues below.  To the extent summary judgment was sought on a particular issue, and that issue is not addressed, then I have declined summary judgment with respect to that issue on the general reasoning set out above.

## I. STANDARD OF REVIEW

In the Mem. Op., I found a sufficient pleading that ACAS was a controller, and that a majority of the directors were interested or not independent.  Therefore, entire fairness presumptively was the standard of review, precluding dismissal. The Plaintiffs ask me to find as a matter of law, based on the record created, that entire fairness applies.  ACAS's ability to influence decisions of the board arose in part from contractual rights.  The extent to which it exerted control in a way that must imply fiduciary duties, or exerted control over a majority of directors, requires an intensely factual analysis.  I note that record evidence exists indicating that Calesa, at least, considered it the board's responsibility to *prevent* ACAS from

---

[7] *Chen v. Howard-Anderson*, 87 A.3d 648, 665 (Del. Ch. 2014).

3

becoming a controller at the time the transaction was negotiated. Consequently, a final determination of the standard of review is appropriate on a post-trial record.

## II. FAIR PROCESS

The Plaintiffs ask that I find as a matter of law that the process by which Halt approved the challenged transaction was unfair to the Plaintiff stockholders. I decline to examine this question, which I believe lacks independent legal significance. The Plaintiff has specifically eschewed the argument that the unfairness of the process was itself so grave that the transaction was not entirely fair. Entire fairness involves a unified analysis of both process and price.[8] I see no utility in examining the record at this stage of the proceedings to evaluate the fairness of the process in a vacuum.

## III. SECTION 228

The Plaintiffs argue that deficiencies in the consents violate the requirements of Section 228 of the DGCL. The Defendants counter that evidence in the record indicates that any defects were not material. I find that justice would be better served by evaluating this issue in light of the trial record.

## IV. WAIVER, ACQUIESCENCE, AND ESTOPPEL

The Defendants raise these affirmative defenses against all the Plaintiffs—who signed waivers in connection with their consents—but principally against

---

[8] *See, e.g.*, *Ams. Mining Corp. v. Theriault,* 51 A.3d 1213, 1244 (Del. 2012) (holding that the entire fairness standard is not bifurcated between process and price, and that "all aspects of the issue must be examined as a whole").

Calesa, who was heavily involved in the negotiation of the deal in question. They contend that the record allows me to find the defenses applicable as a matter of law. The Plaintiffs, however, point to record evidence that material information was knowingly withheld from them by the Defendants in connection with their waivers, with the result that the waivers are ineffective, and precluding the other equitable defenses. Moreover, the Plaintiffs assert that the evidence establishes ACAS's controller status, precluding a finding that the Plaintiffs freely waived their right to challenge the transaction.[9] Accordingly, this issue remains for decision after trial.[10]

## V. DERIVATIVE CLAIMS

The Defendants argue that the Plaintiffs' claims are derivative, that they have not attempted to comply with Court of Chancery Rule 23.1, and that judgment against the Plaintiffs is therefore appropriate. I denied a motion to dismiss on the same grounds in the Mem. Op. The Defendants point out that jurisprudence in the interim has clarified the rubric under which the Plaintiffs'

[9] *See, e.g.*, *In re JCC Holding Co., Inc.*, 843 A.2d 713, 723 (Del. Ch. 2003) ("[I]t would be illogical to bar stockholders who voted for or accepted the consideration from a merger governed by [*Kahn v. Lynch*] from any recovery, when *Lynch* is premised on the notion that these stockholders lack the free will to cast votes ratifying the fairness of the transaction, even after receiving full disclosure of the material facts.").

[10] *See George v. Frank A. Robino, Inc.*, 334 A.2d 223, 224 (Del. 1975) ("It is for the jury to say whether plaintiff's conduct under the circumstances of this case evidenced an intentional, conscious and voluntary abandonment of his claim or right. Summary judgment is inappropriate where, as here, the inference or ultimate fact to be established concerns intent or other subjective reactions." (citation omitted)).

claims must be analyzed to determine if they are derivative or direct.[11]  I agree that my analysis in the Mem. Op. may not be consistent with the current state of the law.  I nonetheless find, based on my current understanding of the law, and consistent with my decision that the controller status of ACAS awaits a post-trial determination, that I cannot say that the Plaintiffs' claims are purely derivative as a matter of law.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[11] *See El Paso Pipeline GP Co., L.L.C. v. Brinckerhoff*, 152 A.3d 1248, 1262–65 (Del. 2016).