**Edith M. SMITH, Executrix of the Estate of Stuart M. Smith, et al., Plaintiffs,**

**v.**

**BERWIN BUILDERS, INC., a Delaware Corporation, Defendant.**

Superior Court of Delaware, New Castle.

Jan. 31, 1972.

L. Coleman Dorsey, Sheldon N. Sandler, Bader, Dorsey & Kreshtool, Wilmington, for plaintiffs.

Howard M. Berg, William J. Taylor, III, Berg & Taylor, Wilmington, for defendant.

## OPINION

O'HARA, Judge.

This proceeding is upon the motion of Berwins Builders, Inc. (defendant) for summary judgment in an action founded upon negligence, breach of contract, breach of warranty and fraud. Edith M. Smith, Executrix of the Estate of Stuart M.

Smith, deceased, Edith M. Smith, individually, and Stuart M. Smith, Inc., a Maryland corporation are the plaintiffs. Defendant is a Delaware corporation engaged in the business of contracting in the Wilmington, Delaware area.

It appears that in March, 1968, an agreement was entered into between the defendant and Stuart and Edith M. Smith, husband and wife, for the construction of a warehouse for the use of the family corporation, Stuart M. Smith, Inc., on property at Churchman's Road, near New Castle, Delaware. On April 2, 1970, a door of the building was blown in and the east side wall was blown out causing extensive damage to the entire structure for which compensation is sought. As a consequence of this incident, plaintiffs have brought the present action alleging in each of the various counts purported violations of the New Castle County Building Code and the failure to follow contract specifications and to provide materials and workmanship of good quality in the construction of the building.

It is undisputed that plaintiffs have performed all conditions required under the contract. Defendant, however, disclaims any obligation on the basis of a purported liability limiting provision contained within the agreement. That provision reads as follows:

"ARTICLE 22 DEFECTS WITHIN ONE YEAR

The Contractor shall be responsible for any faulty materials or workmanship, shall remedy any defects and pay for any damages resulting therefrom which shall appear within a period of one year from the date of payment."

Defendant submits that the above provision constitutes on its face an exclusive remedy limiting defendant's liability to those defects disclosed within one year of payment. Relying upon this interpretation, defendant claims that plaintiffs are foreclosed from recovery on grounds that the transaction was concluded by full payment at settlement held on October 19, 1968, approximately one and one-half years prior to the appearance of the defects alleged. In support of this proposition, defendant states that when a construction contract specifically provides that the builder shall remedy any defects and pay any damages resulting from faulty materials or workmanship arising one year from the date of payment, the owner cannot hold the builder responsible for alleged defects and damages occurring after that date. Defendant in this connection has submitted the affidavit of Eugene Weiner, President of Berwin Builders, Inc., to the effect that any payments rendered after settlement were for extras not contemplated by and unrelated to the principal transaction.

Plaintiffs, on the other hand, argue that the remedy for faulty workmanship and defective materials set forth in Article 22 provides only an additional remedy under the contract and is not exclusive. They further contend that such a provision does not affect common law remedies for tort or breach of contract when the builder's dereliction is latent and not detectable by reasonable diligence; and that these common law remedies are limited in time only by the applicable statute of limitation. Under the plaintiffs' view, Article 22 should be interpreted as an inducement to the buyer complementary to the various express warranties referred to in the agreement. In support of their interpretation, plaintiffs notice the ambiguity of the language and cite familiar canons of construction which require that contracts be construed strictly against the draftsman.

In the alternative, plaintiffs take the position that pursuant to Article 18 of the original agreement relating to modification, the final payment was made on April 18, 1969, for certain extras agreed upon at settlement. If so, the language of Article 22 of the agreement would apparently afford plaintiffs a remedy by its own terms.

■ As in every motion for summary judgment, the record must be read in light most favorable to the party against whom summary judgment is requested. Hazewski v. Jackson, 266 A.2d 885 (Del.Super.Ct. 1970). If from the evidence produced there is reasonable indication that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment will not be granted. Ebersole v. Lowengrub, 4 Storey 463, 180 A.2d 467 (Del.Supr.Ct.1962). The Court finds that the language of the purported disclaimer is of sufficient ambiguity as to be unamenable to the judicial process of construction, and may most appropriately be submitted for the interpretation of a jury after hearing evidence on the customary meaning of such clauses in the local building industry. Because such conclusion is dispositive of the present motion, the Court finds it unnecessary to decide issues raised with respect to the alternative grounds urged by plaintiffs.

■ Parties to a contract may assent to an exclusive remedy which shall be binding upon them in the event of breach of contract. United States for Use and Benefit of Armco Drainage & Metal Products, Inc. v. M. Vander Heyden, 158 F. Supp. 930 (D.C.1958). However, the law in Delaware appears to recognize an implied builder's warranty of good quality and workmanship. Bye v. George W. McCaulley & Son Co., 7 Pennewill 115, 76 A. 621 (Del.Super.Ct.1908). Moreover, plaintiffs have directed the Court's attention to the express language in Article 5 of the agreement warranting that "both workmanship and materials shall be of good quality and performed in a substantial and workmanlike manner". Under such facts as these where a contracting party has bargained for a certain standard of performance, the exculpatory language of a stipulation purporting to be a disclaimer must be clear and unequivocal and will be construed strictly against the draftsman. Cf. Pan American World Airways, Inc. v. United Aircraft Corp., 3 Storey 7, 163 A. 2d 582 (Del.Supr., 1960).

As early as 1921, this Court found occasion to refuse to allow an exoneration clause to rest on a presumption or implication. Marshall v. Maryland, D. & V. Ry. Co., 1 W.W.Harr. 170, 112 A. 526 (Del. Super.Ct.1921). The particular clause now in controversy has apparently never required interpretation in Delaware. However, in Philco Corp. v. "Automatic" Sprinkler Corp. of America, 337 F.2d 405 (7 Cir. 1964) under a similar clause, it was held that a building owner was barred from collecting damages caused by a defective pipe which burst more than one year after completion of the building.

The *Philco* decision is, however, not dispositive of the issue at hand. Plaintiffs in that case sought recovery relying upon certain ambiguities in the contract which had been prepared by their own agents. The court, attaching particular significance to this factor, resolved these ambiguities in favor of the defendant (the non-drafting party), and held that it was not encumbent upon the defendant in that situation to demonstrate that its construction was the only reasonable one possible. Conversely, as in the present case, where the defendant is attempting to avoid liability under a provision of his own drafting, there exists a burden to make some sort of showing that alternative interpretations are unreasonable.

Plaintiff has presented a reasonable interpretation of Article 22 as an additional warranty rather than an exclusive remedy. In another context (dwelling houses) there is some evidence that this interpretation is the correct one. It is at the very least reasonable and creates sufficient ambiguity to justify a jury interpretation. Cf. 14 Vanderbilt Law Review 549. Since it seems desirable to inquire more thoroughly into the facts and the evidence in order to clarify the application of the law, summary judgment should be denied. Ebersole v. Lowengrub, supra.

It is so ordered.