**Nathaniel J. HURTT, Administrator of the Estate of Genevieve Hurtt, Deceased**

v.

**Maurice GOLEBURN.**

Superior Court of Delaware, New Castle.

Dec. 21, 1973.

James F. Kelleher, Wilmington, for plaintiff.

Gary W. Aber of Biggs & Battaglia, Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

This is an action in which it is alleged that medical malpractice resulted in the death of an eleven year old child. Plaintiff is the father and administrator of the estate of the deceased child. The defendant, a physician, has moved for summary judgment on the ground that there is no evidence indicating that he failed to act in accordance with medical standards in the community.

As defendant is the moving party, the facts must be construed in the light most favorable to the plaintiff. Smith v. Berwin Builders, Inc., Del.Super., 287 A.2d 693 (1972).

The record contains evidence, which if believed by the trier of fact, could establish that on October 8, 1971, Dorothy Hurtt took her daughter, Genevieve, who

had been complaining of abdominal pains, to the defendant for medical care. Following a physical examination, defendant diagnosed the child's ailment as viral gastro-enteritis and prescribed a course of treatment in accordance with that diagnosis.

On the following morning, believing that her daughter's condition had worsened, Mrs. Hurtt telephoned the defendant for additional instructions. The defendant increased the dosage which he had prescribed earlier and suggested that the medicine be given the opportunity to take effect.

On the third day, October 10, 1971, pursuant to a telephone call from Genevieve's father, the defendant suggested that the child be taken to the hospital. Mr. and Mrs. Hurtt followed this advice but the child was pronounced dead upon arrival at the Wilmington Medical Center.[1]

■ To recover for negligence in a malpractice action in Delaware, a plaintiff must show: (1) the medical standards of skill, care and competence which are adhered to by physicians in good standing in the community; and (2) that defendant failed to conform to those standards. Peters v. Gelb, Del.Super., 303 A.2d 685 (1973).

■ Defendant has moved for summary judgment under the provisions of Rule 56(e) on the ground that there is no evidence in the record showing that the defendant failed to conform to the medical standards in the community. In support of his motion, defendant has filed the affidavit of a licensed physician in good standing in the community. It is the expressed opinion of defendant's expert witness that, on the basis of the record, the defendant's diagnosis, care, and treatment of the child were consistent with the standards of knowledge, skill, care, and competence which are adhered to by like physicians in the community.

Rule 56(e) provides, in pertinent part, as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Thus, confronted with the affidavit filed by defendant, plaintiff was required to "present affirmative opposition through depositions, answers to interrogatories or affidavits to the facts and conclusions set forth in defendant's affidavit referred to, or suffer the consequence of having summary judgment entered on behalf of defendant." Schagrin v. Wilmington Medical Center, Del.Super., 304 A.2d 61, 65 (1973).

In opposition to the affidavit of the expert to be called by the defendant, plaintiff has filed the deposition of another local physician in good standing. The plaintiff's expert has stated that he would have followed a course of diagnosis, treatment, and care different from that which was followed by the defendant, but he did not state whether or not he believes that the defendant failed to adhere to the medical standards in the community. To the contrary, plaintiff's expert has indicated that he is unaware of the existence of any community medical standards.

■ Testimony by plaintiff's expert to the effect that he would have followed a different course of diagnosis and treatment does not tend to establish that defendant failed to conform to the medical standards in the community.

Although plaintiff has taken discovery in this case through depositions and interrog-

---

1. While the record does not list the exact cause of death, it is undisputed that the child had been suffering from appendicitis rather than viral gastro-enteritis.

atories, and has known about the defense affidavit for several months, plaintiff has failed to present any evidence indicating that defendant failed to adhere to the medical standards in the community.

The uncontroverted evidence before this Court is that defendant conformed to the medical standards which are adhered to by physicians in good standing in the community. Therefore, defendant's motion for summary judgment is hereby granted.

It is so ordered.