IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JENNIFER AUGUST,               :

    Plaintiff,               :

v.                               :       C.A. No. S19C-10-024 RFS

JOSE MANUEL HERNANDEZ and    :
HERNANDEZ CONTRACTOR, LLC,    :

    Defendants.            :

## ORDER

Submitted: 12/6/2019
Decided: 1/6/2020

Jennifer August, 2 Black Duck Reach, Rehoboth Beach, DE 19971, *Pro Se* Plaintiff.

Eric Scott Thompson, Esq., 500 Creekview Road, Suite 502, Newark, DE 19711, Attorney for Defendants.

## I. INTRODUCTION

Before the Court is Hernandez Contractor LLC ("Hernandez Contractor") and Jose Manuel Hernandez's ("Hernandez") (collectively, the "Defendants") Motion for Partial Dismissal of Plaintiff Jennifer August's ("Plaintiff") Complaint. Plaintiff has also filed a motion to amend the complaint.

For the reasons that follow, Defendants' motion is denied. Plaintiff's motion to amend is also denied.

1

## II. FACTUAL AND PROCEDURAL HISTORY

This action arises out of a contract entered into between Plaintiff and Defendants on or about November 11, 2016. Plaintiff contracted with Defendants to replace a roof, install a skylight, and re-flash five skylights at her residence. The contract provided how the work would be performed. In addition, Plaintiff claims Hernandez agreed to be on the jobsite throughout the job. Plaintiff chose Defendants because Hernandez claimed to have had a GAF certification[1] credential that would allow Plaintiff to receive a lifetime warranty. Plaintiff later learned that Hernandez did not actually have the credentials.

The work began on November 14, 2016. Plaintiff realized that the work being completed was not being completed as specified in the contract. Furthermore, the work was not being completed by Hernandez himself; rather, it was being completed by workers designated by Hernandez. Plaintiff brought the inconsistencies to the workers' attention, however, the work continued to be completed contrary to the terms in the contract. Plaintiff attempted to contact Hernandez during this time but was unable to get a response. On November 16, 2016, Hernandez issued an invoice to Plaintiff for the roof installation. Plaintiff has not paid the invoice.

On November 19, 2016, Plaintiff hired a separate contractor. That contractor discovered that the skylight was installed into a rotten wood frame. Plaintiff also claims that, beginning in February, 2017, building inspectors and GAF roofing companies discovered that the roof was concaved. Plaintiff alleges that Defendants' acts and omissions have devalued her home. She further claims that a current valuation to fulfill the terms of the contract would cost $24,635, exclusive of a warranty.

---

[1] A certification held by contractors that undergo training and are up to the GAF standards. Such a certification would allow Plaintiff to receive a lifetime warranty.

Plaintiff now seeks relief in this Court. Plaintiff filed her complaint on October 21, 2019 alleging (1) breach of contract, (2) negligence, (3) breach of express and implied warranty, and (4) fraud, misrepresentation, deception, false pretense, false promise, inducement and concealment against the Defendants. Defendants have moved to dismiss Count II for negligence and Count III for breach of express and implied warranty. Defendants have also moved to dismiss Hernandez from the suit.

## III. <u>DISCUSSION</u>

### A. Defendants' Motion to Dismiss

Dismissal pursuant to Superior Court Civil Rule 12(b)(6) is appropriate where a plaintiff would not be entitled to relief under any conceivable set of circumstances susceptible of proof under the complaint.[2] The Court must view the record in a light most favorable to the non-moving party and accept all well-pleaded allegations as true.[3] In considering a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true.[4]

Defendants have moved to dismiss Count II – Negligence for being time-barred. Defendants contend that 10 *Del C.* § 8107[5] applies and Plaintiff failed to bring her case within the two years. Where a complaint alleges negligent repair, the applicable statute of limitations is 10 *Del C.* § 8106 which provides in part:

> "... [N]o action based on a promise ... and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action...."[6]

---

[2] *Spence v. Funk*, 396 A.2d 967 (Del. 1978).
[3] *Washington House Condominum Ass'n of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 3412079, at *8 (Del. Super. Ct. Aug. 8, 2017).
[4] *American Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101 (Del. Super. Ct. 1982).
[5] This section provides that no action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action. 10 *Del. C.* § 8107.
[6] 10 *Del. C.* § 8106. *See also Ensminger v. Merritt Marine Const.*, Inc., 597 A.2d 854, 855 (Del. Super. Ct. 1988).

3

The alleged negligence occurred between November 14, 2016 and November 16, 2016. Plaintiff filed the complaint October 10, 2019. Plaintiff filed this action within the statutory period and therefore, dismissal of Count II is not warranted.

Defendants also seek dismissal of Count III – Breach of Express and Implied Warranty. Plaintiff argues that Defendants are in violation of 6 *Del C.* § 2-313.[7] Plaintiff argues that Defendants promised to use building methods so that Plaintiff would be eligible for the GAF warranty.[8] Plaintiff asserts that Defendants failed to perform as promised, breaching the express and implied warranties. Defendants contend that dismissal is appropriate because Article 2 does not apply because this is not a transaction in goods.

Article 2 of the Delaware Uniform Commercial Code ("DUCC") applies to transactions in goods.[9] To determine whether the DUCC applies, "the Court must determine whether the relationship of the plaintiff and defendant was that of a buyer-seller or a buyer-service provider."[10] "Article 2 defines a 'seller' as a person who sells or contracts to sell goods; it dictates the warranties and duties between parties transacting in goods but does not govern contracts providing services or sales and services."[11] Here, Defendants were not selling goods to Plaintiff. Plaintiff purchased the roofing materials and the skylight that would be installed by Defendants. Plaintiff contracted with Defendants to install a roof.[12] More specifically, the parties contracted to replace a roof, install a skylight and re-flash other skylights at Plaintiff's residence.[13] This is a contract for services,

---

[7] Section 2-313 addresses the creation of express warranties in the sale of goods. 6 *Del. C.* § 2-313.

[8] The GAF Golden Pledge Warranty would have provided Plaintiff with 50 year warranty upon successful completion of the roofing job. Pl.'s Comp. at ¶ 9.

[9] 6 *Del. C.* § 2-102.

[10] *Spaeder v. Univ. of Delaware*, 2007 WL 3105100, at *2 (Del. Super. Ct. Oct. 17, 2007).

[11] *Flowers v. Huang*, 1997 WL 34724064, at *1 (Del. Super. Ct. Aug. 20, 1997).

[12] Pl.'s Comp. Ex. A.

[13] Pl.'s Comp. at ¶ 4.

therefore, Article 2 would be inapplicable. However, Plaintiff also alleges common law breach of express and implied warranties.

The implied warranty of good quality and workmanship is available in Delaware.[14] "Where a person holds himself out as a competent contractor to perform labor of a certain kind, the law presumes that he possesses the requisite skill to perform such labor in a proper manner, and implies as a part of his contract that the work shall be done in a skillful and workmanlike manner."[15] In *Bye*, the implied warranty attached to a contract for the addition of concrete steps to an existing building.[16] The court in *Bye* provided that "where a person holds himself out as a competent contractor to perform labor of a certain kind, the law presumes that he possess the requisite skill to perform such labor in a proper manner, and implies as a part of his contract that the work shall be done in a skillful and workmanlike manner."[17]

Here, Plaintiff is alleging Defendants failed to conform to the promises made as to the building methods specified in the contract and at the skill Defendants held themselves out to possess. Moreover, the contract expressly provided that "[a]ll work to be completed in a workmanlike manner according to standard practices."[18] Viewing the facts in the light most favorable to the Plaintiff, one could reasonably find that Defendants held themselves out as competent contractors in the area of roofing. Therefore, summary judgment, as it relates to Count III, would not be appropriate.

Defendants have also moved to have Hernandez dismissed from this action. Defendants argue that the contract at issue was entered into between Plaintiff and Hernandez Contractor.

---

[14] *Council of Unit Owners of Breakwater House Condo. v. Simpler*, 603 A.2d 792, 795 (Del. 1992).
[15] *Bye v. George W. McCaulley & Son Co.*, 76 A. 621, 622 (Del. Super. Ct. 1908).
[16] *Id.*
[17] *Id.* at 622
[18] Pl.'s Comp. Ex. A.

5

Hernandez is the owner of Hernandez Company, a corporate entity. Defendants argue that Plaintiff has not alleged any facts to warrant piercing the corporate veil and making Hernandez personally liable. "Piercing the corporate veil under the alter ego theory 'requires that the corporate structure cause fraud or similar injustice.'[19] Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud."[20]

Defendants contend that Plaintiff has failed to allege facts to warrant Hernandez to remain in this suit and he should be dismissed from this case entirely. The Court disagrees. Under the personal participation doctrine, a corporate official cannot shield himself behind a corporation when he is an actual participant in the tort.[21] It must be determined whether or not Hernandez personally participated in the tortious conduct.[22] Plaintiff claims that Hernandez misrepresented his credentials and did not abide by the contract. She argues that the contract was predicated upon the credentials Hernandez held himself out to hold, perpetrating fraud and inducement. Plaintiff further claims that Hernandez individually signed the contract.

"Personal participation doctrine can be triggered if an agent actively participates, consents, or ratifies a tortious scheme."[23] Furthermore, "the personal participation doctrine attaches to corporate officers for torts in which they 'commit, participate in, or inspire, even though they are performed in the name of the corporation.'"[24] Viewing the record in a light most favorable to Plaintiff, Plaintiff has alleged enough facts at this stage making dismissal inappropriate.

---

[19] *Outokumpu Eng'g Enter., Inc. v. Kvaerner Enviropower, Inc.*, Del.Supr., 685 A.2d 724, 729 (1996).
[20] *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999).
[21] *Sens Mech., Inc v. Dewey Beach Enterprises, Inc.*, 2015 WL 4498900, at *3 (Del. Super. Ct. June 23, 2015).
[22] *Id.*
[23] *Id.*
[24] *Id.* quoting *Spanish Tiles, Ltd. v. Hensey*, 2009 WL 86609, at *3 (Del. Super. Ct. Jan. 7, 2009).

Defendants also seek language to be stricken from Plaintiff's complaint. Plaintiff makes several references to Hernandez Contractor's insurance carrier. Defendants argue that this language should be stricken because the insurance carrier is not a party to this litigation and is improper. "Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, or bias or prejudice of a witness."[25] Here, Plaintiff makes reference to discussions with Hernandez Contractor's insurance company, claiming that the insurance company offered $3740 in exchange for a release of claims.[26] The language at issue is not being offered to establish another purpose outside of Defendants' alleged negligence.[27] Therefore, Plaintiff's references to Hernandez Contractor's insurance carrier will be stricken from the complaint.

## B. Plaintiff's Motion to Amend

Plaintiff has moved to amend her complaint. "A motion for leave to amend is within the sound discretion of the court and leave 'shall be freely given when justice so requires.'"[28] "However, a motion to amend must be denied if the amendment would be futile in the sense that it would not survive a motion to dismiss under Rule 12(b)(6). The standard for assessing the legal sufficiency of a proposed amended complaint is the same standard applicable to a motion to dismiss.... and the proposed amendment will not be dismissed unless the plaintiff would not be

---

[25] D.R.E. 411.

[26] Pl.'s Comp. at ¶ 39-40.

[27] Plaintiff adds that Hernandez Contractor's insurer, Cincinnati Specialty Underwriters ("CinFin"), "[u]pon being served with Plaintiff's August 2, 2019 Demand Letter, cc'd to the Defendants, as to all of the damage the insured caused or made possible, CinFin, on August 16, 2019, again offered the $3740.00 in exchange for a release of all claims, which Plaintiff declined as insufficient for her losses."

[28] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. Ct. Feb. 29, 2008) citing Super. Ct. Civ. R. 15(a).

entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[29]

Plaintiff seeks leave to amend to add the Statute of Repose, 10 *Del. C.* § 8127.[30] She wishes to use the statute to add a statutory cause of action. The statute does not create a cause of action. "The Statute affords protection to those performing or furnishing construction of such improvement as well as those performing or furnishing any design, plan, supervision, or observation of such improvement."[31] The Statute of Repose is a defense that relates to the jurisdiction of the Court.[32] It provides that "any failure to commence the action within the applicable time period extinguishes the right itself and divests the ... court of any subject matter jurisdiction which it might otherwise have."[33] After six years from substantial completion of construction, no cause of action may be brought regardless of whether an action has accrued.[34] It limits duration of liability for a defendant.[35] Plaintiff is seeking to amend so all counts related to the alleged deficiencies are time-preserved.[36] The Statute of Repose will not accomplish this goal. Granting Plaintiff's motion would be futile. Therefore, Plaintiff's motion to amend is denied.

---

[29] *Id.*

[30] Section 8127 provides, in pertinent part, that any alleged deficiencies in the construction of improvements to real property shall not be brought against any person after the expiration of six years. 10 Del. C. § 8127.

[31] *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413, 415 (Del. 1984).

[32] *Id.* at 421.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 417.

[36] Pl.'s Mot. ¶1.

## IV. CONCLUSION

Considering the foregoing, the complaint sets forth allegations sufficient to withstand a motion to dismiss. Therefore, Defendants' Motion is for Partial Dismissal is denied. Plaintiff's Motion to Amend is denied.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2020 JAN -7 A 11: 11